DIANA WEISS (SBN 121150)
Attorney At Law
1563 Solano Avenue Suite 223
Berkeley, CA 94707
dianaweiss@sbcglobal.net
Telephone: (510) 847-1012
Facsimile: (510) 525-1321

Attorney for Defendant
WILLIAM PALACE III

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br>    Plaintiff<br><br>Vs.<br><br>WILLIAM PALACE III<br>    Defendant | USDC Case No:07-626NJV<br><br>MOTION TO CORRECT ERROR<br>PURSUANT TO RULE 35(a) |

**INTRODUCTION**

On June 20, 2008, defendant William Palace III was sentenced to 3 years probation with the condition that he serve **144 hours** in custody of the B.O.P. However, both the minutes and the Judgement and Commitment Order erroneously state that defendant Palace shall serve "**160 hours** in custody."

This Motion requests that this Court file an amended Judgement and Commitment Order to accurately reflect the sentence of **144** hours in B.O.P custody that was imposed by this Court

1  **RELEVANT PROCEDURAL HISTORY**

2       On December 28, 2007, Defendant William Palace III entered a plea of guilty to
3  one count of violating 36 C.F.R. §1004.23(a)(1).   Defendant's guilty plea was entered
4  pursuant to a negotiated disposition wherein the parties agreed that a reasonable
5  sentence was 96 hours in custody, and  3 years probation with certain special
6  conditions.

7       On May 9, 2008, defendant Palace was cited by a S.F. County Police officer  for
8  driving on a suspended license.  A Form 8 was filed by U.S. Pretrial Services notifying
9  the Court of this violation.

10       The Final Presentence Report & Recommendation took into consideration both
11  the underlying offense and the violation in recommending a sentence of **144** hours in
12  custody, and 3 years probation with special conditions.   The Recommendation
13  expressly states that "the probation officer has reconsidered the [initial]
14  recommendation and now suggests an additional 48 hours of imprisonment for a total
15  of 144 hours (6 days. )" (PSR Recommendations p.1-2)

16       Both parties filed Sentencing Memorandum requesting the Court to find that
17  under 18 U.S.C. §3553 a reasonable sentence is  the  recommended sentence of 144
18  hours in custody and 3 years probation with special conditions.

19       On June 20, 2008 defendant Palace was sentenced by this Court to the
20  recommended sentence of 144 hours in custody and 3 years probation with special
21  conditions.    Later that same day, a Judgement & Commitment Order was
22  electronically filed stating that the sentence imposed was 160 hours.

23       On June 25, 2008, the Minutes for the Sentencing Hearing were electronically
24  filed and served.  The Minutes also erroneously stated that the Court imposed a
25  sentence of 160 hours in custody.

26

**F.R.Crim Pro. 35 PROVIDES AUTHORITY FOR THIS COURT TO CORRECT THE JUDGEMENT**

F.R.Crim Pro. 35(a) states in pertinent part " Within 7 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error."

The clerical error that occurred here is the type of situation Rule 35(a) was intended to address.

At detailed above, this Court orally imposed a sentence of 144 hours in custody of the BOP to be followed by 3 years probation.  However, both the minutes and the Judgement & Commitment Order erroneously state that defendant was sentenced to 160 hours in custody.

**CONCLUSION**

Wherefore, pursuant to the authority of FR Crim Pro 35(a), Defendant William Palace hereby requests that this Court file an amended Judgement and Commitment Order and Minute Order to accurately state the 144 hour sentence imposed.

Respectfully Submitted,

/S/

DIANA L. WEISS
Attorney For Defendant
WILLIAM PALACE III